```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  UNITED STATES OF AMERICA,
                                                  ORDER
             -against-                         21-CR-290(EK)

  JOHN SIDNEY,

                     Defendant.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        The government and Defendant John (Madea) Sidney dispute whether restitution is required as a part of the sentence for her attempted robbery conviction. Based on the record, the Court concludes that it is not.

        Sidney pleaded guilty to Count One of a two-count indictment. ECF Nos. 38, 43; Docket Order dated July 28, 2022. Count One charged her with attempting to rob one or more persons of "money that belonged to the United States Postal Service" in violation of 18 U.S.C. § 2114(a). She did not plead guilty to Count Two, which charged her with the assimilated crime of robbery in violation of 18 U.S.C. § 13, and the Court dismissed that count at sentencing on the government's motion. ECF No. 60.

        At Sidney's sentencing, the Court deferred decision on restitution and directed supplemental briefing. As set out in its January 30, 2023 letter, the government seeks restitution in

the amount of $1,830.62 to Citibank.  Gov't Letter 3, ECF No. 63.  This amount corresponds to withdrawals from the bank accounts of a post office customer that Sidney was charged with robbing in Count Two of the indictment.  *Id.* at 1.[1]  According to the government, Citibank has since reimbursed the customer for that amount.  *Id.* at 1 n.1.

The government asserts that the Mandatory Victim Restitution Act ("MVRA") requires restitution in this case because the customer is a "victim" as defined by the statute.  18 U.S.C. § 3663A(a)(1).  Under the MVRA, a "victim" is a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2).[2]  The statute, however, "does not authorize the court to order a defendant to pay restitution to any person who was not a victim *of the offense of which the defendant was convicted*."  *United States v. Seabrook*, 968 F.3d 224, 236 (2d Cir. 2020) (emphasis added).[3]  Thus, "'the loss caused by the

---

[1] While Sidney did not plead guilty to the charge in Count Two, she did not object to a factual recitation of the underlying conduct, proffered by the government at the July 28, 2022 status conference and described in the presentence report.  *See* July 28, 2022 Hr'g Tr. 12:10-13:24, ECF No. 45; Presentence Investigation Report ¶ 4, ECF No. 46; Dec. 15, 2022 Hr'g Tr. 15:21-24, ECF No. 62.

[2] The MVRA also provides that, "where a third party has assumed the victim's losses by reimbursing the victim, the court must order a defendant to pay restitution directly to that third party."  *United States v. Thompson*, 792 F.3d 273, 278 (2d Cir. 2015) (citing 18 U.S.C. § 3664(j)(1)).

conduct underlying the offense of conviction establishes the outer limits of a restitution order.'" *United States v. Oladimeji*, 463 F.3d 152, 158 (2d Cir. 2006) (quoting *Hughey v. United States,* 495 U.S. 411, 420 (1990)).

To determine whether a person qualifies as a "victim," the Court must therefore: (1) "identify[] the nature and scope of the 'offense' on which restitution is based," and (2) evaluate "cause-in-fact and proximate cause." *United States v. Goodrich*, 12 F.4th 219, 228-29 (2d Cir. 2021). The government bears the burden of "proving causation," *id.* at 231, and "the amount of the loss sustained by a victim as a result of the offense," 18 U.S.C. § 3664(e), by a preponderance of the evidence.

Courts "look to the materials supporting the plea — such as the allocution statement, the plea agreement, and the indictment — to" determine the offense of conviction. *Goodrich*, 12 F.4th at 230. As noted above, the indictment includes two charges: Count One charged attempted robbery of "money that belonged to the United States Postal Service." Count Two charged the forcible theft of "a cellular phone and a wallet" — namely, the wallet containing the debit cards that Sidney later

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

used to withdraw the $1,830.62 that Citibank later reimbursed to its customer.

As the government proffered during the July 28 status conference, and Defendant did not dispute, the customer was apparently present throughout the attempted post office robbery, and Defendant threatened him in the course of attempting to rob the second of two postal clerks. *See* July 28, 2022 Hr'g Tr. 13:8-18. The government further explained that after the "postal clerks fled," "the Defendant then turned to the customer and robbed him. *That is the basis for the second charge, which the Defendant did not plead guilty to.*" *Id.* at 13:21-24 (emphasis added).

Under these circumstances, it would strain the language — and defy common sense — to say that the effort to steal post office property "directly and proximately" caused the bank account withdrawal theft. On the contrary, the two separate charges suggest that Defendant's robbery of the customer is conduct distinct from the attempted robbery of the post office. Under a straightforward application of the MVRA, the customer is a victim of Count Two: he was robbed after Defendant's failed attempt to steal post office property, and the later financial harm (*i.e.*, the withdrawals from his bank accounts) was directly and proximately caused by *that* robbery.

4

The Court is unpersuaded that he is also a victim of Count One, the only offense of conviction.

First, in asserting that "the customer became a victim" when Defendant threatened him, *see* Gov't Reply Letter 1, ECF No. 65, the government fails to articulate what, if any, injuries or losses he suffered as a result of the threat itself. The government does not contend, and the record does not suggest, that any part of Sidney's attempt to rob the post office, including her threat, caused the customer to suffer any specific physical or monetary harms. The property taken from the customer (including his wallet) was not post office property, and in any event, the $1,830.62 at issue was not "lost" until later, when the stolen debit cards were used to effectuate the cash withdrawals. Moreover, the assertion that the harm caused by Defendant's Count One conduct and the harm caused by her Count Two conduct cannot be "disentangle[d]," *see* Gov't Letter 2, sidesteps the causation question and does not engage with the MVRA's key requirement — that a victim entitled to restitution be directly and proximately harmed by the offense of conviction. Nor does the government offer any specific justification for why the money taken from the customer is an "appropriate measure" of compensation for these unspecified harms. *Id.*

5

The government's alternative argument — that restitution is appropriate because the customer's financial harm occurred "in the immediate aftermath" of, and therefore was caused by, Defendant's robbery attempt, *see* Gov't Reply Letter 3 — is also ultimately unavailing. This assertion highlights the temporal link between Defendant's attempted robbery of the post office and actual robbery of the customer. But again, it does not explain how Defendant's conduct during the attempted robbery was the cause-in-fact and proximate cause of the customer's financial harm, as required by the MVRA. *See Goodrich*, 12 F.4th at 229.[4]

---

[4] The out-of-circuit exemplars cited by the government are unpersuasive. In *United States v. Donaby*, 349 F.3d 1046, 1054-55 (7th Cir. 2003), and *United States v. Washington*, 434 F.3d 1265, 1268-69 (11th Cir. 2006), each circuit court affirmed a restitution award for property damage caused during the defendants' flight after they had committed bank robbery, finding that such damage was directly and proximately caused by that offense of conviction. The government offers no compelling direct or proximate causation analysis here. And in *Moore v. United States*, 178 F.3d 994, 1001 (8th Cir. 1999), the lost wages incurred by a customer present for an attempted bank robbery, as a result of his duties as a witness in the investigation, were directly and proximately caused by the defendant's offense. The Court also notes that the Eighth Circuit appeared to (incorrectly) examine the customer's status as a "victim" separately from the MVRA's direct and proximate causation requirements. *See id.*

Based on the record and parties' arguments, the Court is not persuaded that the customer was directly and proximately harmed by the conduct underlying the sole offense of conviction, the attempted robbery. Thus, the customer is not a "victim" within the meaning of the MVRA, and restitution is not required in this case.

SO ORDERED.

        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    March 14, 2023
            Brooklyn, New York